MICHAEL McNULTY,

*v.*

JACOB H. STEWART.

In this case the jury, having been out about twenty-four hours deliberating upon their verdict, were brought in and asked by the court if there was any probability of an agreement upon a verdict; the foreman responded, that the jury stood eleven to one; thereupon the court stated that the case was an important one, and that they had better make another effort to agree; and thereupon, having been again sent out, the jury returned with a verdict in about twenty-five minutes. *Held*, that this state of facts does not authorize any interference with the verdict.

This action was brought in the District Court for Ramsey County, issue was joined and the cause was tried before a jury, and a verdict rendered for the defendant. A motion was made by the plaintiff for a new trial. Certain matters which transpired while the jury were deliberating upon their verdict, are the grounds of the motion, and these are made to appear by affidavit and counter affidavit, which are sufficiently stated in the opinion of the Court; the court below denied the motion, and from the order denying the same, the plaintiff appeals to this Court.

ORLANDO SIMONS & I. V. D. HEARD for Appellant.

H. J. HORN for Respondent.

*By the Court*—BERRY, J. The jury by which this cause was tried, having retired to deliberate upon their verdict, and

McNulty v. Stewart.

having been out for this purpose about twenty-four hours, were brought in and asked by the court if there was any probability that they would agree upon a verdict; whereupon, the foreman responded that the jury stood eleven to one. The affidavit made in behalf of the appellant upon the motion for a new trial below, sets forth that, " thereupon the court stated, that it was a very important matter that the jury should agree, and that he thought that they had better make another effort, whereupon said jury retired, and after an interval of about twenty-five minutes, returned a verdict for the defendant." The counter affidavit, made in behalf of the respondent, alleges that " the court stated, in substance, that the cause was an important one, and attended with considerable expense to the parties, and that he did not feel at liberty to discharge the jury without another effort on their part to agree, and the jury was thereupon requested by the court to retire to consider their verdict, and did so retire until they rendered a verdict." We perceive no substantial discrepancy in these statements of the two affidavits. It is claimed that the motion for a new trial should have been granted, 1st, Because " the disclosure of the foreman, as to how the jury stood, was a violation of his oath." The language of the oath is, " you will say nothing to any person concerning this action, nor suffer any one to speak to you about the same but in court." As this disclosure was made *in court* and *to the court*, we can see nothing in the point made.

Neither are we able to see any foundation for the second point made, as a reason why a new trial should have been granted, to wit: that " the natural effect of this (disclosure,) and the statement of the court consequent thereupon, was to lead the juror (who stood out) to believe, that he was not doing right in still adhering to his opinion." The advice of the court was that the jury should "make another effort to

agree." The only fair construction to be put upon this language is, that the jury should continue their deliberations and discussions just as they had been doing, and just as they ought to do, for the purpose of arriving, if they could, at an agreement. There was no intimation, that the eleven ought to go to the one, or the one to the eleven, nor that either should surrender honest and deliberate convictions. We think that the remarks of the learned Judge were judicious, and calculated to further the ends of the administration of justice. If either party felt that there was any danger that the conscientious judgment of the twelfth juror, or of the eleven, would be biased by the remarks of the court, (as is further suggested by the appellant) it was his privilege, then and there, to ask for a word of caution against any such tendency or result, although taking human nature on the average, we would hardly expect, that a juror possessing obstinacy or firmness enough, as the case might be, to hold out against eleven of his fellows for twenty-four hours, would be intimidated or biased by such language as was used on this occasion. For the remaining point urged by the appellant, that the adjournment, under the circumstances, had the appearance of duress, or coercion, on the part of the Judge towards the jury, we cannot discover the shadow of a foundation in the facts appearing in the case made for the motion.

In addition to these considerations, it is proper to refer to certain provisions of our statutes, as to the course which a court is bound to pursue towards a jury in cases seeming to involve principles, similar to these under consideration, and as indicative, to some extent, of the policy of the law. In *Sec.* 215, *page* 480, *General Statutes*, it is provided, that when a verdict is rendered, " a jury may be polled on the request of either party, for which purpose, each juror must be asked whether it is his verdict; if any one answers in the negative,

the jury shall be sent out for further deliberation ;" *Sec.* 216, immediately following, is the same, so far as the point in hand is concerned, and so are *Secs.* 20 *and* 21, *page* 657 *Gen. Stats.*, which relate to verdicts in *criminal* cases. It will be seen, that under these provisions, express directions are given for ascertaining, not only *how many* of the jury stand upon this side, or that, but upon *which* side they stand, and if the case be such that eleven are opposed to one, who that one is; and after all this, the statute provides, that the jury are to be sent out for further deliberation. But on this matter we do not go further than to say, that under the circumstances of this case, we perceive no irregularity in the statement made by the foreman in reply to the inquiry of the court, which would authorize us to interfere with the verdict of the jury.

The order denying the motion for a new trial is affirmed.