# Autrey v. The State.

## Murder.

(Decided November 19, 1914.   Rehearing denied January 21, 1915.
67 South. 237.

1. *Jury; Empaneling; Venire.*—The fact that a copy of the venire served on defendant contained the names of persons not drawn and summoned, is not ground for motion to quash in view of section 29, Acts 1909, p. 317.

2. *Evidence; Dying Declaration.*—After a deceased was informed that his wounds were fatal, statements made by him as to the cause of the killing were admissible as dying declarations.

3. *Same.*—A statement in a dying declaration that there was no cause for the killing was relevant, and if objectionable at all, was only because it was a conclusion of the witness, and where no such objection was made, the court will not be put in error for failure to exclude it.

4. *Same.*—A statement by a deceased that defendant had murdered him and he hoped that the people of the county would see that defendant was justly dealt with, was not admissible.

[Autrey v. The State.]

5. *Trial; Objection to Evidence.*—Where the only objection interposed went to the whole of the dying declarations, the accused cannot complain of the overruling of such objection where a part of such dying declarations was clearly relevant and admissible, although another part may have been objectionable; the duty resting on defendant to point out the objectionable portion.

6. *Same.*—The exclusion of a question to a witness cannot be held as erroneous in the absence of showing as to what was expected as an answer thereto.

7. *Homicide; Evidence; Threats.*—In the absence of evidence showing self-defense, evidence of threats made by deceased, and of his bad character for peace and quiet is not admissible.

8. *Same.*—Testimony by defendant that he did not get out of his buggy for the purpose of fighting deceased, that deceased had once attempted to cut his throat, and that defendant had avoided deceased at several places, was not admissible.

9. *Trial; Continuance; Showing.*—Where the bill of exceptions does not show that all of the showing made for one of the absent witnesses was excluded, it will be presumed that the parts admissible were received in evidence.

10. *Same.*—A defendant cannot change the showing made for an absent witness as originally made and agreed to, and admitted by the state, without the consent of the state counsel.

APPEAL from Clarke Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

John Thomas Autrey was convicted of murder, and he appeals. Affirmed.

The motion to quash was based on three grounds: (1) Because there appears upon said copy of the venire served upon defendant the name of Elvin G. Adams, and no such person is drawn and summoned. (2) Same as to Riggle Williams. (3) Same as to Wm. H. Mobley. Dr. Pugh stated that, while deceased did not say anything about dying, yet he asked him (the doctor) after he had made the examination, what he thought of his condition, and he told him he was fatally shot; that deceased then sent for an attorney to fix up .his business, and after the business had been arranged, and in about six hours after he was shot, deceased died; that all that was said about death was that he (the doctor) told deceased his wounds were fatal; whereupon the dying declarations were admitted.

[Autrey v. The State.]

T. J. BLEDSOE, and J. B. BOYLES, for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, assistant Attorney General, for the State.

SOMERVILLE, J.— (1) The motion to quash the special venire on the ground of discrepancies between the original venire and the copy served on the defendant was without merit.—Jury Act of Aug. 31, 1909. § 29; *Bell v. State,* 115 Ala. 25, 22 South. 526.

(2) It sufficiently appeared that the declarations of the deceased, as testified to by the witnesses for the state, were made under a sense of impending dissolution, and the objections based upon the insufficiency of the predicate were properly overruled.

(3, 4) The deceased's declaration to Dr. Pugh, that there was "no cause" for the killing, was obviously relevant; and, if objectionable at all, it was objectionable only because it was a conclusion of the witness. No such objection was made, and the grounds assigned were inapt.

(5, 6) One Stewart, a witness for the state, was allowed to testify to the declaration of deceased that defendant "had willfully murdered him, and he hoped that the good people of Clarke county would see that he was dealt with justly, according to the crime he had committed." It is obvious that this statement contains matter that is outside the scope of a dying declaration, which should be limited to the facts and circumstances of the killing. However, the objection to its admission was to the statement as a whole, and only on the ground of an insufficient predicate, and, as this ground was without merit in fact, and the first part of the statement was relevant, the objection was properly overruled.

(7) Defendant's witness McMullen testified to a conversation with deceased at Grove Hill the year before which indicated the existence of trouble between deceased and defendant. The witness was asked if deceased told him what he (deceased) was up there for; and upon his answering, "Yes," he was then asked to state what deceased said. In the absence of a showing that what deceased said was in some way relevant to the issues of the case, the exclusion of this question by the trial court cannot be pronounced erroneous.— *B. R., L. & P. Co. v. Barrett,* 179 Ala. 274, 60 South. 262, and cases cited.

(8) It was not competent for defendant to show threats by deceased, nor the bad character of deceased for peace and quietude, in the absence of any evidence tending to show that the killing was in self-defense. At the time defendant offered his showings for absent witneses, containing evidence of threats and bad character, there was no evidence before the court tending to show self-defense and the state's objection was properly taken and sustained. The entire showings for the witnesses Chapman and Davis were properly excluded; and the entire showing for the witness Morgan might well have been excluded, instead of only a portion of it.

(9, 10) The only competent and relevant matter contained in the showing for the witness Bumpers is the statement that the defendant's character and general reputation in the community where he lives is good. But if the entire showing was excluded, as seems to be assumed by defendant's counsel, that action was manifestly erroneous. However, while the bill of exceptions shows a remark by the trial judge that he thought the showing as a whole was bad, it does not appear that any ruling of exclusion was made; and, as the

record stands, we are bound to presume that the show-ing was not excluded. Defendant afterwards asked leave to make a change in the wording of the show-ing. Without the consent of the solicitor for the state, it is clear that defendant had no right to change the showing as originally agreed to and admitted by the state.

(11) It was not competent for defendant to state that he did not get out of the buggy for the purpose of fighting deceased, nor that deceased had once "at-tempted to cut his (defendant's) throat," nor that de-fendant had dodged or avoided deceased at various times and places.

A careful scrutiny of the record discloses no error in the rulings of the trial court, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.