## KNOTT v. STATE. (8 Div. 61.)

(Court of Appeals of Alabama. June 5, 1923.)

1. Homicide ⬅️169(3)—Details of former difficulty not relevant.

In a prosecution for murder, evidence of previous difficulties between deceased and defendant was relevant, but not the details thereof.

2. Homicide ⬅️169(9)—Evidence of conversation relative to former difficulty held not relevant.

In a prosecution for murder, defendant's evidence as to a conversation a short time after a former difficulty between him and deceased that another said to defendant that deceased "mighty near got you this morning" was not relevant.

3. Homicide ⬅️160—Excluding evidence of defendant's reason for carrying pistol held proper.

Being a game warden not requiring of itself that one go armed, hence, in a prosecution for murder, sustaining state's objection to a question to defendant as to whether he took his pistol because he was a game warden in the county was not error.

4. Witnesses ⬅️240(4)—Question held leading.

In a prosecution for murder, defendant's counsel's interrogation as to whether it was not a fact that defendant took his pistol because he was a game warden in the county was leading.

5. Homicide ⬅️190(6)—Excluding evidence of deceased's statement that defendant ought to be killed held proper.

In a prosecution for murder, excluding evidence of defendant's witness that before the fatal difficulty he heard deceased say, "a heap of times, Knott (defendant) ought to be killed," was proper; it not being a threat, and as an expression of ill will was too general.

6. Homicide ⬅️191—Deceased's alleged attempt to get out knife on former difficulty held inadmissible.

In a prosecution for murder, evidence that deceased made an attempt to get out a knife and cut defendant on a previous occasion, just before the fatal difficulty, was not admissible; being details of former difficulty.

**7. Criminal law ⊶813—Refusing abstract charges not error.**

It was not error to refuse charges which were abstract.

**8. Criminal law ⊶829(1)—Refusing charges covered by charges given not error.**

It was not error to refuse charges covered by charges given.

**9 Homicide ⊶300(13)—Refusing charge on reasonable doubt that omitted defendant's freedom from fault held not error.**

In a prosecution for murder, it was not error to refuse a charge that where defendant acted on a reasonable belief that it was necessary to take deceased's life to save him from great bodily harm or death, and struck before such impending necessity arose, then this is such a doubt as would entitle defendant to acquittal; such charge omitting defendant's freedom from fault.

**10. Homicide ⊶300(15)—Refusing charge omitting duty of flight before striking in own defense not error.**

In a prosecution for murder, it was not error to refuse a charge as to defendant's duty to retreat before striking or firing in his own defense, which omitted the duty of flight.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Oscar Knott was convicted of murder in the second degree, and appeals. Affirmed.

The following charges were refused to defendant:

"G. If it has been shown by the evidence in this case that, prior to the time the defendant fired the fatal shot, deceased had threatened the life of the defendant, and that the same was brought to the knowledge of defendant, then the defendant would have a right to anticipate danger from the deceased and act more quickly than if such threats had not been made, because the law recognizes that where a man's life is threatened, and he is assaulted by the person who threatened him, that there is greater likelihood of danger than where no threats have been made, if any.

"I. I charge you, gentlemen, that if, after weighing all the evidence in this cause, your minds are left in such a state of uncertainty that you cannot say beyond a reasonable doubt whether the defendant acted upon a well-founded and reasonable belief that it was necessary to take the life of deceased to save defendant from great bodily harm or death, or that defendant struck before such impending necessity arose, then this is such a doubt as would entitle the defendant to an acquittal, and your verdict should be not guilty.

"J. If the defendant fired the fatal shot under such circumstances as to lead the mind of a reasonable man to the belief that he was in danger of losing his life or suffering grievous bodily harm at the hands of the deceased, and the defendant was free from fault in bringing on the difficulty, then the defendant was under no duty to retreat before striking or firing in his own defense."

R. E. Smith, of Huntsville, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. Under the facts as testified to by the state's witnesses the defendant is guilty of murder in the highest degree. According to the state's evidence the defendant went to the residence of the deceased, stood in the road, called deceased to his front gate, and there shot him to death with a pistol. The defendant sought to establish self-defense, a difficulty, impending peril, inability to flee, and a present apparent necessity to take life.

[1] While defendant was being examined as a witness, he testified that he and deceased had had trouble before the killing. The court, at the objection of the state, refused to permit defendant to testify that deceased had shot at defendant twice as defendant was running from him, on occasions previous to the difficulty in which deceased was killed. That there had been previous difficulties between deceased and defendant was relevant, but not the details of such difficulties. Autrey v. State, 190 Ala. 10, 67 South. 237; Moore v. State, 16 Ala. App. 503, 79 South. 201; Smith v. State, 197 Ala. 193, 72 South. 316.

[2] During the testimony of the defendant he stated: "Mr. Phillips said to me in this same conversation" (referring to a conversation a short time after a former difficulty between the parties), " 'Do you know that Limbaugh (deceased) mighty near got you this morning?' " On motion of the state this remark was excluded. This testimony was clearly not relevant to the issues of this case, and even in case of relevancy would be a conclusion.

[3, 4] Being a game warden does not of itself require defendant to go armed. Hence the court did not err in sustaining the state's objection to the question propounded to defendant as follows: "Isn't it a fact you took the pistol because you were a game warden in this county?" Besides the question was leading.

[5] The defendant offered to prove by Tom Phillips that, before the fatal difficulty he had heard deceased say: "A heap of times, Knott ought to be killed." The state objected to this testimony, the court sustained the objection, and defendant excepted. This is not a threat, and as an expression of ill will is too general in its nature to be relevant.

[6] That the deceased made an attempt to get out a knife and cut defendant on a previous occasion at defendant's house, just be-

⊶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fore the fatal difficulty was not admissible, as being the details of a former difficulty.

There were several attempts by defendant to prove details of former difficulties between defendant and deceased. The court was not in error in its rulings excluding this testimony.

[7] There were 52 written charges given by the court at the request of defendant, covering every phase of reasonable doubt and the doctrine of self-defense. These, taken in connection with the oral charge of the court, were amply sufficient to present to the jury the law of the case to which they were to apply the evidence. Besides these given charges there were 15 charges requested by defendant and refused by the court, which for convenience we have indicated by letters. Of these, A, C, D, K, L, and N, are abstract, and the propositions of law, where applicable, are included in given charges.

[8] Refused charge B is covered by given charges 49, 51, and 52. Refused charge E is covered by given charge 48. Refused charge F is fully covered in written charges given, as to the legal proposition involved; moreover, this charge is an argument, as is also refused charge G. Refused charge H is included and covered in given charges 49, 51, and 52.

[9, 10] Charge I omits a freedom from fault on the part of the defendant, and charge J omits the duty of flight.

It appears from this record that the defendant has had a fair and an impartial trial before a jury of his peers, and, finding no reversible error in the record, the judgment is affirmed.

Affirmed.