CHARLES GIBSON *vs.* MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RY. CO.

Argued Oct. 27, 1893. Affirmed Nov. 8, 1893.

No. 8076.

**Charge to jury urging an agreement.**

It was not error for the trial court to instruct the jury, after they had been out some twenty hours without agreeing upon a verdict, to the effect that if one or two of their number differed in their views of the evidence from the others they should be thereby induced, although not required to surrender conscientious convictions, to doubt the correctness of their own judgments, and should be led to inquire whether they were not mistaken.

**Request to charge, embraced in the general charge.**

*Held,* upon an examination of a request to charge made by counsel for defendant and rejected by the court, that the substance of the request was fully covered in the general charge.

v.55M.—12

**Verdict sustained by evidence.**

 *Held*, further, that a verdict in plaintiff's favor was sustained by the evidence.

Appeal by defendant, the Minneapolis, St. Paul and Sault Ste. Marie Railway Company, from an order of the District Court of Ramsey County, *Hascal R. Brill*, J., made August 8, 1892, denying its motion for a new trial.

The plaintiff, Charles Gibson, was a locomotive engineer employed by defendant on a switch engine in its yard at Gladstone, Michigan. He claims he was injured on August 29, 1890, by a fall in the cab of this engine. The foot board on which he stood while running the engine was eight inches above the floor of the cab. It became loose at one end and finally went down, throwing plaintiff against a box in the cab and injuring him internally. He testified that on August 25 he entered in the repair book at the engine-house a request to fix this foot board, that it was not fixed and that it fell on August 29. Frank Gaul, the fireman on the engine, testified that the foot board did not fall down, that on a former trial he had testified falsely, at plaintiff's instance, that it did, and that he had fixed it up again the same evening. John Bellaire, another witness, testified that no entry was made in the repair book as to this engine on August 25, that Gibson came to the engine-house the next March and made the entry at that time in his presence and induced him to falsely testify on the former trial that the entry was made on August 25, 1890. Plaintiff's cause of action rested upon his report of August 25, 1890, in the repair book and the promises made by the foreman of the engine-house on August 26, and 28, to fix the foot board. Without this report and promise no liability of the Railway Company was shown.

 Plaintiff had a verdict for $4,000. Defendant moved for a new trial, but was refused and it appeals. The principal discussion in this Court was upon the evidence, whether it was sufficient to sustain the verdict.

 *C. D. & Thos. D. O'Brien* and *Alfred H. Bright*, for appellant.

 After the jurors had retired to consider of their verdict and had returned and announced to the Court their inability to agree, the

Court not only urged the jury to agree because the trial was long and expensive to the parties, but directed remarks to individual jurymen and in effect suggested to the one or two jurymen who were standing out, that they should yield their individual opinion to the opinion of the majority.   This was error.   *McNulty* v. *Stewart*, 12 Minn. 434; *Clem* v. *State*, 42 Ind. 420; *Richardson* v. *Coleman*, 131 Ind. 210; *Edens* v. *Hannibal & St. J. R. Co.*, 72 Mo. 212; *Cranston* v. *New York C. & H. R. R. Co.*, 103 N. Y. 614; *Pierce* v. *Pierce*, 38 Mich. 412; *Goodsell* v. *Seeley*, 46 Mich. 623; *Stoudt* v. *Shepherd*, 73 Mich. 588; *Whitelaw* v. *Whitelaw*, 83 Va. 40.

*George B. Edgerton, John D. O'Brien* and *John A. Lovely*, for respondent.

The statements to the jury on their return into Court were proper. *McNulty* v. *Stewart*, 12 Minn. 434; *Watson* v. *Minneapolis Street Ry. Co.*, 53 Minn. 551; *Commonwealth* v. *Tuey*, 8 Cush. 1; *State* v. *Smith*, 49 Conn. 376.

COLLINS, J.   Action for damages alleged to have been the result of defendant's negligence while plaintiff was in its employ as a locomotive engineer.   He worked a switching locomotive of peculiar construction.   In the cab, elevated from the floor, was a narrow footboard or platform upon which the engineer stood when at work, that he might be the better enabled to see signals given by switchmen outside, and to handle the locomotive.   On one end of this board or platform was a movable box.   The plaintiff claimed that this footboard became loose; that he twice notified Bardsley, the person in charge of repairs, of this fact, and also called for its repair by means of a book kept in the office for that purpose; that he was assured and promised by Bardsley that the repairs should be made, and told to go on with his work; that he did continue to use the locomotive, relying on the assurance and promise; and that a few days afterwards, on the 29th day of August, about 6 o'clock P. M., the board or platform gave way while he was handling the locomotive, throwing him down upon the floor of the cab, and upon the box before mentioned, and causing the injuries complained of.   The case was twice tried before the same district Judge, and

a verdict obtained for the plaintiff each time. The first verdict was set aside, really upon the sworn confessions of two of plaintiff's most important witnesses that they had perjured themselves when testifying in his behalf. As may be surmised, this condition of affairs aroused the counsel for the respective parties, and led to a protracted and closely fought struggle when the case again came on for trial. We are warranted in saying, after an examination of the complete record, that nothing was omitted which would tend to develop the truth, and aid the jury in arriving at an intelligent verdict, by the able counsel employed to try the case.

Taking such of the assignments of error as need be referred to in order, we find that the first is addressed to the refusal of the court to charge as requested by defendant, in effect, that plaintiff could not recover for any injury except that received on August 29th, at the time one Burton took the engine, finished the work, and afterwards aided the plaintiff to his house; and, if the jury found the injury was really received October 30th, the verdict must be for the defendant.

Counsel for defendant spent considerable time during the trial in an attempt to show that plaintiff received the injuries of which he complained on the 30th of October, and that an illness which attended him about August 29th, and for a few weeks afterwards, was brought about by overwork and a cold; not by a fall in the cab. This claim was made a very prominent feature of the defense, and was again and again rendered conspicuous in the trial. The jurors understood the precise point, and its significance to the litigants, and every one must have fully comprehended that part of the general charge of the court which was designed to, and which, in our opinion, fully covered the proposition embodied in the request, although not in the same language. The court clearly stated, what had been so often admitted by both parties, that the plaintiff, if he recovered at all, could not recover for injuries received at a subsequent time, nor for any injuries except those caused by the giving way of the board or platform, and for no defect except that. The court repeated this language in substance later in its charge, and it contained everything found in the rejected request, except a direct reference to the witness Burton. This was unnecessary for the information of the jury, for there was no question in the case

but that the injuries complained of were those which were received when Burton boarded the locomotive, finished the work, and then assisted plaintiff to his house. The latter so testified, fixing the date as August 29th. Although counsel made a strong effort to show that it was actually in the month of October, and not in August, it is to be noted that nothing of this nature was attempted through the testimony of Burton. He was a witness for the defense, remembered the occasion, but did not testify that it was not on the day alleged by plaintiff. It is obvious that the court did not err in its refusal.

Proceeding to a consideration of the second and third assignments of error, it may be said that after the jury had been out some twelve hours they were brought into the court room, and it was announced that no agreement had been reached. The court thereupon addressed them as to the advisability of making further and strenuous efforts in that direction, and again sent them out. They then deliberated about nine hours, and again stated their inability to agree. The court thereupon remarked that it was of importance that a verdict be secured; that, while it had no means of knowing how they stood, if there should be one or two men who were unable thus far to reconcile their views with those held by their associates, it would be worth while for them to consider, in view of the fact that so many jurors equally as honest and of as good judgment took an opposite view, whether they were not mistaken. But they were also told that they were not called upon to surrender conscientious views which they might hold of the case in order to reach a verdict. Further remarks along these lines were made by the court, and the jury again retired. A verdict for plaintiff resulted. Ignoring the point made that no proper exception was taken to any part of this language, we fail to see wherein the court erred. It had the right to urge that efforts should be made to agree, and that, upon a comparison of views, it might be well to consider and heed the judgment of other men. The purport of this instruction was that, if any of the jurors differed in their views of the evidence from a large number of their fellows, such difference of opinion should induce the minority to doubt the correctness of their own judgments, although not required to surrender their own conscientious convictions, and lead them to a re-examination and closer scrutiny of the

facts in the case for the purpose of revising and reconsidering their preconceived opinions. These instructions were sound, and well-adapted to the situation. *Commonwealth* v. *Tuey*, 8 Cush. 1; *Commonwealth* v. *Whalen*, 16 Gray, 28; *State* v. *Smith*, 49 Conn. 376. See, also, *McNulty* v. *Stewart*, 12 Minn. 434, (Gil. 319;) *Watson* v. *Minneapolis St. Ry. Co.*, 53 Minn. 551, (55 N. W. Rep. 742.) The language used by the court below does not come within the scope of the cases cited by defendant, as will be seen upon comparison.

It is contended that the plaintiff was guilty of contributory negligence in continuing to use the footboard in its defective condition, and in not repairing or removing it. That he could have repaired it himself, or that he could have run the locomotive with it entirely removed, does not demonstrate the correctness of this contention. By a rule of the company, employes were required to report defects, or to repair the same themselves. There was a positive injunction to do one thing or the other. The plaintiff claimed that he had complied with this rule by reporting the defect to the proper person, and had been twice assured that it should be repaired. That the plaintiff could have repaired it himself did not relieve the defendant company from the duty imposed upon it to repair when duly notified of the existence of the defect.

It is urged that the verdict was not justified by the evidence. Counsel for defendant company, in support of this position, have analyzed and commented upon certain points in the proofs in a most vigorous and able manner. We are obliged to admit that there is great force in their argument, but we cannot justly say that the verdict was without evidence to support it. The plaintiff's testimony was sufficient to establish his cause of action, and evidently the jury believed him as against the many witnesses produced in opposition. The remarkable circumstances under which one or two of defendant's witnesses testified at the second trial, having been for plaintiff at the first, made this an unusual case, and rendered the trial Judge, who had presided at both trials, and the jury, peculiarly well qualified to determine where the truth was, much better than an appellate court. We are compelled to disagree with counsel in their assertion that by the proofs plaintiff's statement concerning his report of repairs needed upon his locomotive, and his version of the accident, were conclusively shown to be false.

Finally, although it does not bear on a determination of the case, we feel constrained to say that in our opinion counsel for defendant are not at all warranted in assuming that the remark made in the memorandum attached to the order of the court below, refusing a new trial, concerning certain witnesses, was intended to be or is a reflection upon their professional character or integrity. We feel confident that no disinterested person reading the remark would suspect that these gentlemen were thought by the court to be instrumental in procuring the witnesses who at the first trial had testified in behalf of the plaintiff to bear false witness against him upon the second; and we are equally as certain that the careful, conscientious, and learned trial Judge who penned this remark would be among the last to reflect, intentionally or inadvertently, upon the good name and fame of respectable gentlemen. He had presided at both trials, had seen these self-confessed perjurers when testifying on both occasions, and expressed an opinion as to when they falsified. From what he said it could not be inferred that he charged corrupt practices upon the defendant or its attorneys. Nothing of that nature could reasonably be implied.

Order affirmed.

(Opinion published 56 N. W. Rep. 686.)

Application for reargument denied November 22, 1893.