# DeJarnette *v.* Cox.

*Action of Assumpsit.*

1.  *Action for work and labor done; set-off of amount due by special contract; charge to jury.*—In an action to recover an amount alleged to be due for services performed for the defendant by the plaintiff, where the defendant seeks to set-off against a claim of the plaintiff an amount alleged to be due him under a contract with plaintiff for the building of a house, and the evidence of the plaintiff tends to show that the house was not constructed in accordance with the contract, but there was evidence on the part of the defendant to the effect that the house as built was accepted by the plaintiff,

[DeJarnette v. Cox.]

a charge is erroneous and properly refused which instructs the jury that the defendant can not set off against the plaintiff's demands any amount whatever under the contract in reference to the building of the house, "unless the defendant has fully complied with the terms of said contract or offered to do so."

2. *Trial and its incidents; duty of judge as to jury.*—A judge has no right to threaten or intimidate a jury, who are unable to agree upon a verdict, in order to affect their deliberations; nor should he allude to his own purpose as to the length of time they are to be kept together. There should be nothing in his intercourse with the jury, having,the least appearance of duress and coercion.

3. *Same; same; new trial.*—While all proper motives to induce a jury to agree upon a verdict may be urged upon them by the court, they should, however, be left to feel that they act with entire freedom in their deliberations; and there should be made to them no threat or coercive intimation that should they continue to disagree, they would be subject to unreasonable inconvenience. If such threats or intentions are made to a jury and as a result thereof a verdict is shortly thereafter rendered, upon proper motion seasonably made, the verdict so obtained will be set aside and a new trial granted.

APPEAL from the Circuit Cout of Montgomery.

Tried before the Hon. J. C. RICHARDSON.

This suit was brought by the appellant, W. P. DeJarnette, against W. N. Cox. The plaintiff sued the defendant for $50, claimed to be due for hauling, and $7.89 claimed to be due for building a line fence between him and defendant. Defendant offered to offset $50 balance due him by plaintiff for building a house and $3.75 for building a fence. The evidence for the plaintiff tended to show that his bills were correct, while the evidence for defendant tended to show that the account for $50 should be $39.30, and that defendant was not liable for the $7.89, because he had agreed to pay that amount only when the fence had been put on the line, and it had never been put on the line. The evidence for defendant tended to show that he had built a house for plaintiff at an agreed price of $2,050, and that plaintiff had paid all, of the money except $50, and had moved into the house, though claiming

[DeJarnette v. Cox.]

that it was incomplete, and at the time plaintiff was let into the house, plaintiff agreed that he would pay the said $50 by hauling sand for the defendant to that amount, and that in the bill for $50 claimed of him, plaintiff had charged him sixty, when, according to previous dealings, he should have charged only forty cents for hauling said sand, and that plaintiff had agreed to complete the house; that although the contract required that the chimneys should be built as high as the highest point of the house, and they were not so built, they had been built under the direction of the plaintiff to a height subsequently agreed on between plaintiff and defendant, and that the flues of the chimneys were smaller than contracted for, but defendant had gone to plaintiff's house and afterwards had written plaintiff a letter offering to do whatever was lacking to complete the contract, and plaintiff had refused to permit him to do anything further, and that plaintiff was indebted to defendant $3.75 for building a fence.

Plaintiff's testimony was to the effect that the house had not been completed, and that he had paid all the consideration for building the house except $50, and had moved into the house on the promise of defendant to complete it; that said house had never been completed; that he had never agreed to any change in the contract; that it would cost at least $50 to complete the contract; that although he had previously only charged the defendant 40 cents for sand, this sand had cost plaintiff 10 cents per load, and he had had to haul it further.

Upon the introduction of all the evidence, the plaintiff requested the court to give to the jury the following written charge, and separately excepted to the court's refusal to give said charge as asked: "The defendant in this case can not set off against the plaintiff's demand any amount whatever under the first and original contract between plaintiff and defendant in reference to the building of DeJarnette's house unless the defendant has fully complied with the terms of said contract, or offered to do so."

[DeJarnette v. Cox.]

There was a verdict returned for the defendant. After the return of the verdict, the plaintiff made a motion for a new trial upon several grounds. The grounds insisted upon, and the facts as stated in the bill of exceptions relating thereto, are sufficiently set forth in the opinion. The motion was overruled. The plaintiff appeals, and assigns as error the refusal of the court to give the written charge requested by it, the rendering of a verdict in favor of the plaintiffs, and the refusal to grant the motion for a new trial.

J. J. WOODWARD and HILL & HILL, for appellants. The court was in error in the statement made by it to the jury after the case had been given to them and they had been in retirment for a long while. The remarks amounted to duress or coercion and should not have been indulged in.—*Phoenix Ins. Co. v. Moog,* 81 Ala. 335; *Fiebelman v. Manchester F. Assu. Co.,* 108 Ala. 202; *Kuhl v. Long,* 102 Ala. 564; *Harper v. State,* 109 Ala. 67.

WATTS, TROY & CAFFEY and GEORGE STOWERS, *contra.* The court did not err in the remarks made to the jury in their effort to get the jury to arrive at a verdict. *Wiggins v. Downer,* 67 How. 65; *Erwin v. Hamilton,* 50 Ib. 32; *White v. Colder,* 36 N. Y. 183; *Allen v. Woodson,* 50 Ga. 63; *State v. Saunders,* 14 Ore. 300; *Perkins v. State,* 50 Ala. 154; *Kansas v. Phillips,* 98 Ala. 159; *Krack v. Wolf,* 39 Ind. 88; *Niles v. Sprague,* 13 Iowa 198; *Frandsen v. Chicago R. Co.,* 36 Iowa 378; *McDonald v. Nicholson,* 3 Kan. App. 235; *Randolph v. Lumpkin,* 90 Ky. 551; *State v. Rollins,* 77 Me. 381; *Commonwealth v. Kelly,* 165 Mass. 175; *Warlick v. Plank,* 103 N. C. 81; *Jackson v. State,* 91 Wis. 253; *Muckeray v. State,* 42 S.W. 383; *State v. Gorham,* 67 Vt. 371; *East Tenn. R. Co. v. Winters,* 85 Tenn. 240; *Kelly v. Emery,* 75 Mich. 147; *Clinton v. Howard,* 42 Conn. 310; *Cranford v. N. Y. Central,* 103 N. Y. 614; *State v. Green,* 7 La. Ann. 518; *Hannon v. Grizzard,* 89 N. C. 115; *Osborne v. Wilkes,* 108 N. C. 651; *State v. Sanders,* 14 Ore. 300.

DOWDELL, J.—There was evidence in the case tending to show that the original contract between the parties for the building of the house had been subsequently by agreement modified and changed. The written charge requested by the plaintiff and refused by the court withdrew from the consideration of the jury this evidence, and it was properly refused by the court. After verdict for the defendant, a motion for a new trial was made, which was overruled by the court. Numerous grounds were stated in the motion for the granting of a new trial, but as only one was insisted upon in the argument by appellant's counsel, we need not consider the other grounds.

The ground insisted on was the action of the court in recalling the jury after they had been charged and had retired to consider their verdict, and further instructing them in the case, and also coercing a verdict by threatened duress; all of which transpired in the absence of the plaintiff and his counsel. The evidence in support of this ground of the motion, we quote from the record; "That after the charge of the court, the jury retired to the jury room about four o'clock in the afternoon, and after having been out about three hours, they were released by the court and instructed to return the next day, which was June 2d, 1899, at nine o'clock in the morning, and the jury then separated. On the morning of June 2d, the jury reassembled at nine o'clock, and again retired to the jury room. After considering the case all day (except recess for dinner), the jury was called into court about six P. M., by the court in the absence of the plaintiff and his attorney. The jury was asked if there was any dispute as to the law of the case. One of the jury replied, 'No, sir; we have fully agreed on the law and the evidence. The majority of us could get a verdict very soon, but it is impossible to come to a verdict.' Thereupon the court told the jury that when a jury has agreed on the law and the evidence, they were either disqualified or incompetent if they could not make a verdict; that it was their duty

[DeJarnette v. Cox.]

to listen at the evidence, and that the jury had until the 2nd of August to come to a verdict, and they had plenty of time to consider it.    As the jury was going out, and part of them had got out, the court said in their presence to the bailiff, 'Prepare to stay here to-night.'  The jury retired and soon rendered a verdict for the defendant."

There was no attempt on the part of the court to instruct the jury upon any of the issues in the case, and therefore that ground of the motion is without support in the evidence.

We think that what the court did say to the jury, under the circumstances, was a clear intimation that they should be kept together until the 2d day of August, a period of two months, unless they sooner agreed upon a verdict.    The fact that a verdict was very soon thereafter rendered, notwithstanding the jury had stated to the court that it was impossible to come to a verdict after an effort of more than a day, we think reasonably and satisfactorily shows that the verdict was not uninfluenced by what the court had said.    In the case of the *Phoenix Insurance Co. v. Moog*, 81 Ala. 343, this court quoted approvingly what was said in *Green v. Telfair*, 11 Howard Pract. 260, which condemned such action by the trial court.    We fully approve of what was there said, that, "A judge has no right to threaten or intimidate a jury in order to affect their deliberations.    I think he has no right even to allude to his own purposes as to the length of time they are to be kept together.    There should be nothing in his intercourse with the jury having the least appearance of duress or coercion."

We are of the opinion that a motion for a new trial should have been granted.

The judgment of the circuit court is reversed and the cause remanded.