## STATE v. EGLAND.

Where the state has made out a prima facie case, the court is not justified in directing a verdict for defendant.

If an instruction as to the punishment which could be meted out to a person committing a crime is erroneous, in view of the fact that the jury are not authorized to determine the penalty, it is without prejudice.

An instruction that the jury should try to agree that, although the verdict to which a juror agrees must be his own verdict, each juror

must examine the questions submitted with a proper regard to the opinions of the others; that it is their duty to decide the case, if they can conscientiously do so; that in conferring together they should listen with a disposition to be convinced by each other's arguments; and that a dissenting juror should consider whether a doubt in his own mind is a reasonable one, which does not appeal to the majority, and who have heard the same evidence, with an equal desire to arrive at the truth—is not erroneous as invading the province of the jury.

The granting or denying of a new trial is largely in the sound discretion of the trial court.

Unless there is a manifest abuse of discretion, a ruling on a motion for new trial will not be reversed on appeal.

(Opinion filed, May 21, 1909.)

Appeal from Circuit Court, Day County. Hon. J. H. McCoy, Judge.

Sigvart H. Egland was convicted of assault with intent to commit rape, and appeals. Affirmed.

*Anderson & Waddel,* for appellant. *S. W. Clark, Atty. Gen., Cloyd Sterling, Asst. Atty. Gen.,* and *Frank Sears, State's Attorney,* for the State.

CORSON, J. Upon an information duly filed by the state's attorney of Day county the defendant was tried and convicted of the crime of an assault with intent to commit rape, and from a judgment and order of the circuit court denying a new trial, the defendant has appealed.

The appellant seeks a reversal of the judgment upon four grounds, viz.: (1) Error of the court in denying appellant's motion, made at the close of the evidence on the part of the state, to advise the jury to return a verdict in favor of the appellant; (2) error of the court in denying appellant's motion, made at the close of all the evidence to advise the jury to return a verdict in his favor; (3) errors of the court in its charge to the jury; (4) error of the court in denying appellant's motion for a new trial.

After a careful review of the evidence on the part of the state, we are clearly of the opinion that, if the jury believed the same, it was amply sufficient to justify the jury in finding the defendant guilty of the crime charged. That the jury did believe it clearly appears by their verdict. When the state has introduced evidence upon which, if believed by the jury, they may reasonably find the

defendant guilty of the crime charged, the state has made out a
prima facie case, and the court would not be justified in taking
the case from the jury, and advising a verdict in favor of the de-
fendant, or as stated by Mr. Thompson in his work on Trials
(section 2246) : "In other words, where the facts offered in evi-
dence by the plaintiff, if true, make out a prima facie case, the jury,
and not the judge, ought to pass upon them." As there was a con-
flict in the evidence, the court very properly denied the appellants
motion for a direction of a verdict in his favor at the close of all
the evidence, as the weight of the evidence, and the credibility of
the witnesses, was a matter for the determination of the jury, and the
court would not be justified in such a case in advising the jury
to acquit the defendant. There being, therefore, evidence to war-
rant the jury in finding a verdict of guilty, it was the duty of the
court to submit the case to them, leaving to them the duty of de-
termining the weight of the evidence and credibility of the wit-
nesses. It is only when there is not sufficient evidence to justify
the verdict, or a fatal variance between the evidence and the
charge as made in the information or indictment, that the trial
court is authorized to advise the jury to return a verdict in favor
of the defendant. See section 2246, Thompson on Trials, and fol-
lowing sections. The court was clearly right, therefore, in de-
nying appellant's motion.

It is contended by the appellant that the court erred in
charging the jury, "as matter of law, that every person who is
guilty of an assault with intent to commit any felony is punishable
by imprisonment in the State Prison not exceeding five years, or
in the county jail not exceeding one year, or of a fine not exceed-
ing $500, or of both such fine or imprisonment," on the ground
that, as the jury in the case before them had nothing to do with
imposing the penalty for the crime alleged to have been committed,
it was error for the court to thus instruct them. Possibly, in view
of the fact in this case that the jury was not authorized to deter-
mine the penalty to be imposed in case of a verdict of guilty, the
court may have committed a technical error in thus charging them,
but if it was error, it was error without prejudice, and conse-
quently is not ground for reversing the judgment.

It is also contended by the appellant that the court erred in its instructions to the jury as follows: "And it is also proper for the court to remind you that you should try to come to an agreement in this case. The only mode provided by our laws for deciding questions of fact in criminal cases is by the verdict of a jury. In a large proportion of cases, and perhaps, strictly speaking, in all cases, absolute certainty cannot be attained or expected. Although the verdict to which a juror agrees must, of course, be his own verdict, the result of his own convictions, and not a mere acquiescence in the conclusion of his fellows, yet, in order to bring 12 minds to a unanimous result, you must examine the questions submitted to you with candor, and with a proper regard and deference to the opinions of each other. You should consider that the case must at some time be decided; that you are selected in the same manner, and from the same source, from which any future jury must be, and there is no reason to suppose that this case will ever be submitted to 12 men more intelligent, more impartial, or more competent to decide it, or that more or clearer evidence will be produced on the one side or the other. And with this view it is your duty to decide the case, if you can conscientiously do so. In order to make a decision more practicable, the law imposes the burden of proof on one party or the other in all cases. In the present case the burden of proof is upon the state to establish every part of it, beyond a reasonable doubt; and if, in any part of it, you are left in doubt, the defendant is entitled to the benefit of the doubt, and must be acquitted. But, in conferring together, you ought to pay a proper respect to each other's opinions, and listen, with a disposition to be convinced, to each other's arguments. And, on the one hand, if much the larger number of your panel are for conviction, a dissenting juror should consider whether a doubt in his own mind is a reasonable one which makes no impression upon the minds of so many men, equally honest, equally intelligent with himself, and who have heard the same evidence, with the same attention, with an equal desire to arrive at the truth, and under the sanction of the same oath. And, on the other hand, if a majority are for acquittal, the minority ought seriously to ask themselves, whether they may not reasonably, and ought not to, doubt the cor-

rectness of a judgment which is not concurred in by most of those
with whom they are associated, and distrust the weight or suffi-
ciency of that evidence which fails to carry conviction to the minds
of their fellows." It is argued by the appellant that this instruc-
tion was an invasion of the rights of the jury, and an attempt to
dictate to them the manner in which they should conduct their de-
liberations in the jury room; that the only province of the court
is to state the issues, and then give the jury the usual and general
rules for determining the weight and sufficiency of evidence. But
in our opinion the court in this instruction in no manner invaded
the province of the jury, and that the instruction is fully sustained
by authority.

The learned Supreme Court of Massachusetts sustained a sim-
ilar charge to the jury, and in the course of its opinion that court
says: "Upon a careful consideration of these instructions we are
clearly of opinion that so far from being improper, or of a nature
to mislead, they were entirely sound, and well adapted to bring
to the attention of the jury one of the means by which they might
be safely guided in the performance of their duty. A proper re-
gard for the judgment of other men will often greatly aid us in
forming our own. In many of the relations of life it becomes a
duty to yield and conform to the opinion of others, when it can be
done without a sacrifice of conscientious convictions. More es-
pecially is this a duty, when we are called on to act with others,
and when dissent on our part may defeat all action, and materially
affect the rights and interests of third parties. Such is the rule
of duty constantly recognized and acted on by courts of justice.
They not only form their opinions, but reconsider, revise, and
modify their own declared judgments by the aid and in the light
of the decisions of other tribunals. But this could not be done,
if it were not permitted to them to doubt and correct their opin-
ions, when they were found to differ from those of other men,
who have had equal opportunities of arriving at sound conclusions
with themselves." And the view expressed by that court seems to
meet with the approval of Mr. Thompson in his work on Trials,
as he quotes the charge of the trial court, and also the decision of
the Supreme Court above referred to, as a part of this text (sec-

tion 2303, Thompson on Trials). And the Supreme Court of Indiana, in Clem v. State, 42 Ind. 420, in discussing a similar question says: "It is the duty of jurors to consider carefully every part of the evidence, and, if necessary, reconsider it, and to hear and consider the views and arguments of their fellow jurors; but at last each one of them must act upon his own judgment, and not upon that of another." And the Supreme Court of Connecticut, in State v. Smith, 49 Conn. 376, says: "Although the verdict to which each juror agrees must, of course, be his own conclusion, and not a mere acquiescence in the conclusions of his fellows, yet, in order to bring 12 minds to a unanimous result, the jurors should examine with candor the questions submitted to them, and with due regard and deference to the opinions of each other. In conferring together the jury ought to pay proper respect to each other's opinions, and listen with candor to each other's arguments. If much the larger number of the panel are for a conviction, a dissenting juror should consider whether the doubt in his own mind is a reasonable one which makes no impression on the minds of so many men equally honest, equally intelligent with himself, who have heard the same evidence, with the same attention, and with equal desire to arrive at the truth, and under the sanction of the same oath. And on the other hand, if a majority are for acquittal, the minority ought seriously to ask themselves whether they may not reasonably, and ought not to, doubt the conclusions of a judgment which is not concurred in by most of those with whom they are associated, and distrust the weight or sufficiency of that evidence which fails to carry conviction to the minds of their fellows." The views expressed by the courts above quoted meet with our approval; and we are of the opinion that the circuit court committed no error, therefore, in that part of his charge to the jury above quoted.

The last contention of the appellant that the court erred in denying his motion for a new trial is untenable. The granting or denying of a new trial is largely in the sound, judicial discretion of the trial court; and, unless there is a manifest abuse of such discretion, its ruling upon such a motion will not be reversed by this court. It is true, in the case at bar, there was a sharp con-

flict in the evidence; but as the jury, upon a full consideration of the case, and after listening to a very full and clear statement of the law applicable to the case by the court, found a verdict of guilty, we cannot say that there was any abuse of the court's discretion in denying the motion. The law applicable to such motions is too well settled in this court to require the citation of authorities.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.

McCOY, J., taking no part in the decision.