## PEAGLER v. STATE.    (3 Div. 546.)

(Supreme Court of Alabama.    May 25, 1922.)

**1. Witnesses** ⬅263—Permitting recall of state's witness and allowing him to retestify as to res gestæ not error.

In a prosecution for murder, no error was committed in permitting a state witness to be recalled and further examined, and there was no abuse of discretion in allowing him to retestify of the res gestæ that decedent did not strike defendant and that·he had no weapon in his hand at the time of the homicide.

**2. Criminal law** ⬅829(1)—Refusal of charge covered by oral charge not ground for reversal.

If a refused·charge was substantially and fairly covered by the oral charge or by special instructions given, the refusal of the charge so covered is not cause for reversal, Acts 1915, p. 815.

**3. Criminal law** ⬅829(21)—Refused charge as to killing in consequence of passion suddenly aroused, held not covered by oral charge.

In a murder prosecution, where the oral charge covered the elements of manslaughter in the first degree, it did not cover the aspect of evidence of defendant's charge that, "if the killing is the consequence of passion suddenly aroused by a blow given the accused by the deceased, you cannot convict * * * of murder in either degree," and the refusal of defendant's charge was reversible error.

Appeal from Circuit Court, Butler County; A. E. Gamble, Judge.

Will Peagler was convicted of murder in the first degree, and he appeals.    Reversed and remanded.

R. B. Smythe, of Greenville, for appellant.

The court erred in refusing the charges requested by defendant. 18 Ala. 724; 71 Ala. 482, 46 Am. Rep. 342; 102 Ala. 121, 15 South. 352, 48 Am. St. Rep. 17; 107 Ala. 16, 19

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

South. 322; 99 Ala. 168, 13 South. 767; 5 Mayf. Dig. 707; 138 Ala. 17, 34 South. 1025; 160 Ala. 74, 49 South. 336.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Refusal of a charge, though a correct statement of law, is not cause for reversal, where the same rule was fairly and substantially given at the request of the parties. Acts 1915, p. 815; 205 Ala. 89, 87 South. 830; 88 South. 353.

THOMAS, J. The indictment and trial for murder in the first degree resulted in the imposition of the death penalty. The verdict and judgment conform to the requirements of the statute, and the record proper presents nothing for review.

[1] Two questions only are presented by the bill of exceptions, viz.: The permission by the court, over defendant's objection, that a state witness be re-examined; and the refusal of written charges requested by defendant. No error was committed in permitting the witness Mason Henderson to be recalled and further examined; and no abuse of discretion was committed in allowing that witness to retestify of the res gestæ of the homicide, that the decedent did not strike the defendant and that he had no weapon in his hand at the time of the homicide. 4 Michie Ala. Dig. p. 562, § 759(5); Jarvis v. State, 138 Ala. 17, 34 South. 1025; Hall v. State, 137 Ala. 44, 34 South. 680.

[2, 3] If the refused charges were substantially and fairly covered by the oral charge or by special instructions given, the refusal of a charge so covered is not a cause for reversal. Acts 1915, p. 815; Allen v. Alger-Sullivan Lumber Co., 205 Ala. 352, 87 South. 442; Brilliant Coal Co. v. Barton, 205 Ala. 89, 87 South. 830; Thomas Furnace Co. v. Carroll, 204 Ala. 263, 85 South. 455. In the oral charge the court instructed the jury of the elements of manslaughter in the first degree; yet this did not fully cover the aspect of the evidence sought to be presented in refused charge B. Since the decision in Brewer v. State, 160 Ala. 66, 49 South. 336, "cooling time" is said to be "usually, if not always, a question for the court under the facts and circumstances of the case"; and the contrary expression contained in Hooks v. State, 99 Ala. 166, 168, 13 South. 767, was qualified. The announcement contained in the Brewer Case was in effect applied in Thomas v. State, 150 Ala. 31, 40, 43 South. 371; Felix v. State, 18 Ala. 720, 724; Keiser v. Smith, 71 Ala. 481, 26 Am. Rep. 342; McNeill v. State, 102 Ala. 121, 15 South. 352, 48 Am. St. Rep. 17; Stillwell v. State, 107 Ala. 16, 19 South. 322; Jarvis v. State, supra; Logan v. State, 155 Ala. 85, 46 South. 480. In Reeves v. State, 186 Ala. 14, 65

South. 160, quoting from the Hooks Case, the portion of that decision criticised in Brewer's Case was omitted. There must be a "concurrence of adequate provocation and sudden passion to reduce a homicide to manslaughter." Peel v. State, 144 Ala. 125, 39 South. 251. An examination of the record convinces us that the hypothesis of defendant's refused charge, denominated B, was warranted by one aspect of the evidence and should have been given the jury. The charge is as follows:

"I charge you, gentlemen of the jury, if the killing is the consequence of passion suddenly aroused by a blow given the accused by the deceased, you cannot convict the defendant of murder in either degree."

In its refusal, reversible error was committed, since it was not fully and fairly covered by given charges.

Reversed and remanded.

All the Justices concur.