GIDLEY v. STATE. (7 Div. 895.)

(Court of Appeals of Alabama. Feb. 6, 1923.)

**1. Criminal law ☞517(4)—Confession before liquor found held inadmissible.**

A confession obtained before the whisky was found *held* not admissible in a prosecution for possession of prohibited liquors, because at that time the corpus delicti had not been proved.

**2. Criminal law ⊘⊃532(½)—Court must determine confession voluntary.**

A court in determining admissibility of a confession should be careful to ascertain that such confession was not superinduced by an influence improperly exerted.

**3. Criminal law ⊘⊃522(1)—Confession, obtained by threat to arrest accused's son-in-law, held inadmissible.**

A confession, obtained by reason of the threat of sheriff that if accused did not admit ownership of whisky he, the sheriff, would wait and arrest accused's son-in-law, *held* not admissible in a prosecution for possession of prohibited liquors.

**4. Criminal law ⊘⊃865(1)—Remarks of trial judge to jury called from jury room, suggesting they come to verdict, held reversible error.**

The remarks of trial judge to jury, called from the jury room and standing 11 to 1 for conviction in a prosecution for a possession of prohibited liquors, suggesting that the jury come to a verdict, and that it was their business to do so, *held* reversible error; the fact that a verdict of conviction was soon thereafter rendered without further facts or without explanation as to the law reasonably showing that the verdict was not uninfluenced by what the judge had said.

**5. Criminal law ⊘⊃872½—Verdict of jury should be concurrence of 12 minds.**

Verdict of the jury should be the concurrence of 12 minds derived from a consideration of the evidence absolutely free of other influence, and majority verdicts are not in keeping with the ideals of justice.

**6. Criminal law ⊘⊃865(1)—Province of trial judge held to charge law without duress or coercion.**

The province of a trial judge is to charge the law and in doing so he should not by word or deed have the least appearance of duress or coercion.

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Will Gidley was convicted of the offense of having prohibited liquors in his possession, and he appeals. Reversed and remanded.

Lapsley & Carr, of Anniston, for appellant.

There should be nothing in the intercourse of the trial judge with the jury having the least appearance of duress or coercion. 81 Ala. 343, 1 South. 108; 128 Ala. 518, 29 South. 618; 79 Miss. 577, 31 South. 209; 182 Ala. 51, 62 South. 737, Ann. Cas. 1915D, 663; 16 C. J. 1091.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] The evidence as set out in the record is somewhat confusing as to whether the alleged confession was made before the whisky was actually found at the house or afterwards. If the confession was obtained before the whisky was found, it should not have been admitted, because at that time the corpus delicti had not been proven. Braxton v. State, 17 Ala. App. 167, 82 South. 657.

[2, 3] The court in determining admissibility of a confession should be careful to ascertain that such confession proceeded from volition, and that it was not superinduced by any influence improperly exerted. If the confession in this case was obtained by reason of the threat of the sheriff that, if defendant did not admit the ownership of the whisky, he would wait and arrest defendant's son-in-law, it should not have been admitted. Carr v. State, 17 Ala. App. 539, 85 South. 852.

[4] The question of the gravest moment in this case is the action of the trial judge, with reference to the jury. After the jury had retired for the purpose of considering the case and had remained out "some time," the court sent for the jury again, and had them called into the jury box, and the following occurred:

"The Court: Can't you reach a verdict in this case?

"A Juror: No, sir, we haven't been able so far. Judge, we stand 11 to 1.

"The Court: Well, you gentlemen of the jury, I will say this to you: We try these cases, and it is very important indeed, when each side has been heard, for the jury to be able to reach a verdict. When the jury go out into the jury room they go out for the purpose of conferring and consulting together and seeing if it is practicable, as reasonable common sense men, to reach a verdict. The business of the courts cannot be disposed of by mistrials. I can't even suggest—I wouldn't for a minute suggest—for any man to go against his convictions as to what he ought to do in any particular case, or for him to do violence to what his conscience says he ought to do, but the business of juries is to try cases and come to verdicts, if they reasonably can. I am saying all this without any idea in the world how the jury stands, whether there is 11 to 1 for acquittal or 11 to 1 for guilt. I am sorry that was told to me, but I don't know how it is, and I don't suppose anybody else does, except the jury. Now, I am going to ask you to go back and see whether or not it is practicable to reach a verdict.

"Mr. Sensabaugh: I reserve an exception to your honor's statements.

"The Court: All right. That's what I was waiting for. The jury may retire."

[5, 6] It is, we think, unnecessary to extol the jury system or its importance as a guardian of the liberties of this people, further than to cite the case of Meadows v. State, 182 Ala. 51, 62 South. 737, Ann. Cas. 1915D, 663, in which De Graffenried, J., has said the last word necessary on the subject, and with which opinion this court is in hearty

⊘⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

accord. The statement of the trial judge in this case was very cautiously made, in recognition of the rule above referred to, but for that very reason was an insidious suggestion to the juror that may have caused the single juror to yield a conclusion which otherwise might have remained. A verdict of a jury should be the concurrence of 12 minds, derived from a consideration of the evidence, absolutely free of other influence. There are too many instances on record in the books where 1 juror was right and 11 wrong, to even think of permitting the "whittling away" of the province of the jury as judges of the facts. Majority verdicts are not in keeping with the ideals of our justice, and in the constitutional convention of 1901 the effort to provide for majority verdicts even in civil trials was overwhelmingly condemned. The province of the trial judge is to charge the law, and in doing so should not by word or deed have the least appearance of duress or coercion. Phœnix Ins. Co. v. Moog, 81 Ala. 343, 1 South. 108. In this case we paraphrase the language used in De Jarnette v. Cox, 128 Ala. 518, 29 South. 618, "The fact that a verdict was very soon thereafter rendered," without further facts or without further explanation as to the law, reasonably shows that the verdict was not uninfluenced by what the court had said. The courts must, at all hazards, preserve the deliberations of juries from coercion, whether wittingly or unwittingly done, to the end that this safeguard to our liberties may be preserved.

For the error pointed out let the judgment be reversed, and the cause remanded.

Reversed and remanded.