(124 So. 121)

## CROWE v. STATE. (5 Div. 765.)

Court of Appeals of Alabama. June 29, 1929.

Rehearing Denied Oct. 8, 1929.

J. Sanford Mullins, of Alexander City, and Jas. W. Strother, of Dadeville, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

RICE, J. Appellant was convicted of the offense of distilling prohibited liquors. Code 1923, § 4627.

The case here is not complicated with any legal questions of difficulty. The evidence on behalf of the state, as disclosed by the bill of exceptions, was ample to support the verdict of guilt returned by the jury.

While the jury were deliberating on the case, and after they had been out for quite a while, they were, at their own request, brought back into court, where, in the presence of the defendant (appellant), they asked for some further instruction. Specifically, they asked the court a question as to the law, which he answered correctly.

In the above interview with the court, the jury made known the fact that they were having some trouble in reaching an agreement, whereupon the court charged them orally as follows:

"The law is that if there is any large greater number of the jury that have opposed to them a much less number of the jury one way or the other, that it may be upon considering it the lesser number should consider that if so many more, equally honest and equally sensible men as they are, should look at it in one light, if the opinion that they have, might consider whether that opinion was,

whether they should have the same; in other words, if they might not be less right in the matter or less correct than those so larger number that look at it in the other light. That would apply either way, whether the decided majority is in the case. * * * Nobody is required to surrender his honest convictions, and honest convictions. Every word that I have uttered to you it is accompanied by that. No single juror if he has a conscientious conviction of his position in the matter, why he is not required to surrender that."

Exception was reserved by appellant to this portion of the court's charge.

Properly construed, the above language of the court does no more, in our opinion, than say to the jury that in conferring together, if they find that a majority are of one opinion, they may take such fact into consideration. This, it seems, is permissible.

In a well-considered opinion Judge Henry B. Foster wrote for this court, a portion of a charge very similar to the one quoted above —in fact not distinguishable in substance, though the language may have been somewhat clearer—was held in the case of Bufkins v. State, 20 Ala. App. 457, 103 So. 902, to have been properly given to the jury. We cannot improve upon the discussion by Judge Foster in the case cited, and, upon the authority of the holding in that case (certiorari denied by Supreme Court, 212 Ala. 638, 103 So. 906), we hold here that the trial judge did not err in charging the jury as we have quoted above.

We have examined the exceptions reserved on the taking of testimony. The ruling underlying each of them involves only elementary principles of law, and does not seem to merit discussion by us. In none of the said rulings is there prejudicial error.

The written charges refused to appellant were each, where not manifestly and patently incorrect, covered by, and the same principles of law included in, the oral charge of the court.

I find nowhere any prejudicial error, and the judgment should in my opinion be affirmed.

### Majority Opinion.

BRICKEN, P. J. Upon submission of this cause in this court, it was assigned to Associate Judge RICE, who prepared the foregoing opinion expressive of his views upon the points of decision involved. The majority of this court do not accord to the opinion of RICE, J. We think the exception duly reserved to the "additional oral charge of the court," should have been sustained. In this connection the record shows that the following incident occurred: "At 4:05 P. M. August 14, after having been out since the afternoon of August 13, 1928, the jury returned to the court room and the following occurred. The Court inquired: Is the defendant in the court room? Defendant's counsel replied: Yes, sir, right here. The Court then said to the jury: Have you a verdict? The foreman answered: We have not. We have two who won't make a verdict: * * * We have labored this hard to make a verdict; taking something like 50 polls I reckon. The Court then said to the jury: The law is that if there is any large greater number of the jury that have opposed to them a much less number of the jury one way or the other that it may be upon considering it, the less number should consider that if so many more equally honest and equally sensible men as they are should look at it in one light, if the opinion that they have might consider whether that opinion was, whether they should have the same. In other words, if they might not be less right in the matter or less correct than those so larger number that look at it in the other light that would apply either way whether the decided majority is in the case."

This "additional charge" is confusing to us, and we think it must have necessarily confused the jury to whom it was delivered. The trend and purport of the "additional charge" appears to the effect that a minority of the jury should yield to the majority in the conclusion or decision to be reached by them, where differences appear with the jury as to a proper verdict. This is not the law. In the Bufkins Case, cited by RICE, J., as controlling here, it is expressly decided: "But it is not proper to give an instruction censuring jurors for not agreeing with the majority." Bufkins v. State, 20 Ala. App. 457, 103 So. 902. The law is that a jury are the sole judges of all controverted facts submitted to them for their determination. Their province in this connection should not be invaded, even by the court, and there should be nothing in the intercourse of the trial judge, with the jury, having the least tendency or appearance of duress or coercion, or that might tend to create the impression that the law requires a minority of the jury to yield to a majority as a controlling factor in arriving at a verdict. Holladay v. State, 20 Ala. App. 76, 101 So. 86; Gidley v. State, 19 Ala. App. 113, 95 So. 330.

Reversed and remanded.