196 So. 746

### FAIRBANKS v. STATE.

### 8 Div. 986.

Court of Appeals of Alabama.

April 16, 1940.

Rehearing Denied May 14, 1940.

H. T. Foster, of Scottsboro, for appellant.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The indictment, in code form, charged the defendant with the offense of violating the State's prohibition law, Code 1923, Section 4615 et seq. According to the State's evidence, the defendant, within twelve months of the finding of the indictment, sold and delivered to the State's witness prohibited liquor, which he and his friend drank and became thereby intoxicated. The defendant denied his guilt and furnished evidence tending to show that the prosecution had been inspired by the father of State's witness, who was at enmity with the defendant. The issue was for the jury; and the evidence was ample to support the conviction.

The question of the bias or prejudice of a witness is a pertinent inquiry for the jury in weighing the testimony of the witness, Feore v. Trammel, 212 Ala. 325, 102 So. 529, but the fact of such bias does not warrant the exclusion, by the court, of such witness' testimony from the jury. Jones v. State, 23 Ala.App. 395, 126 So. 178. Likewise, it was within the discretion of the court, in the present case soundly exercised, to allow the prosecuting witness to be recalled for further examination by the State as to the res gestae. Peagler v. State, 207 Ala. 586, 93 So. 536. These points of error insisted upon in appellant's motion for new trial, as well as others of less import, not necessary to mention, are, therefore, without merit.

Affirmed.